IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE A. ORTIZ-LUGO,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

**CIVIL NO. 16-2226 (GAG)**

Related to Crim. Case No. 13-613

**OPINION AND ORDER**

Before the Court is petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (See Docket No. 1.) Jose A. Ortiz-Lugo ("Petitioner") argues that his conviction is unconstitutional in light of Johnson v. United States, 135 S.Ct. 2551 (2015).

Petitioner Ortiz-Lugo entered a plea of guilty to a violation of 18 U.S.C. § 924(c)(1)(A) for his possession of a firearm in furtherance of a drug trafficking crime. The Court sentenced him to sixty months of imprisonment and five years of supervised release. (Case No. 16-613(1), Docket No. 50.)

**I.   Johnson v. United States, 135 S.Ct. 2551 (2015).**

Under federal law, convicted felons, persons committed to mental institutions, and drug users are forbidden from shipping, possessing, and receive firearms. § 922(g). For the most part, the statute punishes violators to a maximum of ten years' imprisonment. § 924(a)(2). However, if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act ("ACCA") increases the violator's prison term to a

**CIVIL NO. 16-2226 (GAG)**

minimum of fifteen years and a maximum of life imprisonment.  § 924(e)(1); Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265 (2010).   The ACCA defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B); see also Johnson, 135 S. Ct. at 2555-56.

In Johnson v. United States., the Supreme Court ruled unconstitutional the imposition of an increased sentence under the residual clause of the ACCA, § 924(e)(2)(B), finding the statute's language vague in violation of the Due Process Clause. 135 S.Ct. 2551.  The Court reasoned that two features of the statute's language made it vague.  First, it noted that the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime."   The Court found the residual clause impermissibly ties "assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Johnson, 135 S. Ct. at 2557.  Second, the uncertain risk required for a crime to qualify as a violent felony rendered the statutory language vague.  "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Id. at 2558.  By asking whether the crime "*otherwise* involves conduct that presents a serious potential risk," moreover, the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives. These offenses are "far from clear in respect to the degree of risk each poses." Id.

Later on, the Supreme Court gave the Johnson ruling retroactive effect to cases on collateral review. Welch v. U.S., 136 S.Ct. 1257, 1568 (2016).

**CIVIL NO. 16-2226 (GAG)**

## II. Discussion

Petitioner Ortiz-Lugo argues that "[he] no longer qualifies for an enhanced sentence and that the same sentence violates Due Process." (Docket No. 1.) Moreover, he contends that "the predicate used to enhance or designate him as a[n] offender are (sic) now questionable after the Johnson decision." Id.

The Johnson ruling does not affect Petitioner's sentence. Petitioner was sentenced for violation of Section 924(c)(1)(A), possessing a firearm in furtherance of a drug trafficking crime.[1] He was not sentenced under Section 924(e)'s residual clause sentence enhancement nor the Career Offender guideline. Additionally, the offense is not one that involves a "crime of violence." Considering the dissimilarities of Petitioner's convicted offense *vis a vis* the ACCA's residual clause, the Court finds the Johnson ruling inapplicable to Petitioner's sentence.

## III. Conclusion

For the foregoing reasons, this Court finds that Petitioner Jose A. Ortiz-Lugo is not entitled to federal habeas relief on his claims. Accordingly, the Court hereby **DENIES** Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2255. All claims in

---

[1]
> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924 (c)(1)(A).

**CIVIL NO. 16-2226 (GAG)**

petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are hereby **DISMISSED with prejudice.**

**Certificate of Appealability**

It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

In San Juan, Puerto Rico this 14th day of September, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge